## TITLE TO LAND PASSING THROUGH INTESTATE
## ·  HUSBANDS AND WIVES.

Common Pleas Court of Hamilton County.

ALICE FAY ET AL V. JOHN M. SCOTT ET AL.

Decided, April 17, 1913.

*Descent of Non-Ancestral Property which Passed from Intestate Husband to Wife Who Died Intestate After Marrying Again—Her Second Husband Also Dies Intestate—Life Estate—Dower.*

1. A husband, relict of a wife who died intestate. seized of an estate coming to her (under Section 8574, General Code—4159, R. S.), from a former husband who died intestate, survived by such wife, without issue, has a dower interest only in his deceased wife's estate and not a life interest. *Spitler* v. *Heeter*, 42 O. S., 100, distinguished.

2. The real estate of such deceased wife upon her death without issue, she having title to such real estate from a former deceased husband, passes to and descends, under Section 8577, General Code (4162, R. S.), one-half to the brothers and sisters of such wife and one-half to the brothers and sisters of the deceased husband, subject to the dower interest of the second surviving husband.

*F. J. Oeltmann* and *Joseph Lemkuhl*, for plaintiffs.
*Frank H. Kunkel*, contra.

MAY, J.

The plaintiffs filed their petition setting forth that they are the brothers and sisters of James Lyons, who died intestate October 24, 1889, without children, leaving surviving him his widow, Mary Lyons, and that at the time of his death he was seized in fee simple of a piece of real estate which he had acquired in his lifetime by purchase; that his widow, Mary Lyons, afterward intermarried with the defendant John M. Scott, and that the widow of James Lyons, died intestate without issue, survived by her second husband, John M. Scott. Plaintiffs further say that the defendant John Bolan is the only surviving brother of Mary Scott, deceased. Plaintiffs say that by reason of the death of Mary Scott, intestate, seized of the property which came to her from her former husband, that they as brothers and sisters of said former husband, James Lyons, are

entitled to one-half of the real estate and that John Bolan as the surviving brother of Mary Scott, is entitled to the other half of said real estate, and pray for partition. Also, that John M. Scott, husband of Mary Scott, be required to set up what interest he has in the property.

To this petition the defendant John M. Scott has demurred on the ground that the petition does not state facts sufficient to constitute a cause of action.

On the argument it was claimed on behalf of John M. Scott that he had a life estate in the property described in the petition, under Section 8573, General Code (4158, R. S.), which reads:

"When a person dies intestate, having title or right to any real estate or inheritance in this state, which title came to such intestate by descent, devise or deed of gift from an ancestor, such estate shall descend and pass in parcenary to his or her kindred.    *    *    *

"2.    If there are no children or their legal representatives living, the estate shall pass and vest in the husband or wife, relict of such intestate, during his or her natural life."

This section is not in point. The estate which vested in Mary Lyons, who afterward intermarried with John M. Scott, vested in her in fee, under Section 8574, General Code—4159, R. S.:

"If an estate came not by descent, devise or deed of gift, it shall descend and pass as follows:

"2.    If there are no children, or their legal representatives, the estate shall pass to and be vested in the husband or wife, relict of such intestate."

Under the decisions of this state, the estate inherited by a wife from a husband, who had acquired the estate in his lifetime by purchase, passes under this latter section, and the deceased husband is not an ancestor in the meaning of the word as used in Section 8573, General Code (4158, R. S.) ; *Brown* v. *Hunt,* 18 Ohio St., 311; *Lathrop* v. *Young,* 25 Ohio St., 541; *Stembel* v. *Martin,* 50 Ohio St., 495.

Under Section 8577, General Code (4162, R. S.) :

"When the relict of a deceased husband or wife dies intestate and without issue, possessed of any real estate or personal property which came to such intestate from a former deceased husband or wife by deed of gift, devise or bequest, or under the

provisions of Section 8574, General Code (4159, R. S.), then such estate real and personal shall pass to and vest in the children of such deceased husband or wife, or the legal representatives of such children. If there are no children or their legal representatives living, then such estate real and personal, shall pass and descend, one-half to the brothers and sisters of such intestate, or their legal representatives, and one-half to the brothers and sisters of such deceased husband or wife from which such personal or real estate came, or their personal representatives.''

If the deceased wife is survived by a second husband, he naturally would have his statutory rights in the property. The defendant contends that under the decisions of the Supreme Court in the case of *Spitler* v. *Heeter*, 42 Ohio St., 100, the surviving husband is entitled to a life estate. There can be no doubt whatsoever, but that the Supreme Court did decide, at page 102:

''Louisa, at the time of her death, was the 'relict of a deceased husband,' Sebastin Heeter; and Section 4162 of the Revised Statutes determines the descent of this land, and gives it to the defendants, subject to the plaintiff's life estate.''

This case, however, was decided in the January term, 1884, of the Supreme Court, and at that time there was in force in the state of Ohio, statutes by which a husband upon the death of his wife had an estate of curtesy in her real estate, but in 1887, by the provisions of Section 4194-1; 84 Ohio Laws, 132, at 136, the estate by curtesy was abolished.

John M. Scott, therefore, has only such interest in the property of his deceased wife, Mary Scott, as he is entitled to under the law. This is fixed by Section 8606, General Code (4188, R. S.), to-wit:

''A widower   *   *   *   shall be endowed of an estate for life in one-third of all the real property of which the deceased consort was seized as an estate of inheritance at any time during the marriage, in one-third of all the real property of which the deceased consort, at decease, held in fee simple in reversion or remainder, and in one-third of all the title or interest that the deceased consort had, at decease, in any real property held by article, bond, or other evidence of claim.''

The defendant contends, however, that this matter was also determined in the case of *Stephenson* v. *Norton et al*, 13 Ohio

Dec., 150. An examination of this case, however, discloses the fact that it was a mere dictum, as there was no surviving second husband; besides, for the reasons above given in distinguishing the case of *Spitler* v. *Heeter*, it would not control the facts in this case.

The demurrer will be overruled.